IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NATHANIEL NYAMEKYE,

    Defendant.

Criminal No. 17-0192-2
ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER (DOC. NO. 132) AND DENYING AS MOOT DEFENDANT'S MOTION FOR RELEASE OF PROPERTY (DOC. NO. 133)**

Pending before the Court are two Motions by the Defendant: a Motion for Reconsideration of Detention Order, doc. no. 132; and a Motion for Release of Property, doc. no. 133[1]. The Government responded to both Motions, doc. no. 137 and doc. no. 138.

Defendant was first charged by complaint on one count of money laundering and was indicted on July 25, 2017 at Crim. No. 17-191. He was arrested on July 21, 2017, and the parties reached agreement on bond conditions on July 26, 2017, when Magistrate Judge Eddy ordered Defendant released on $50,000 unsecured bond with home detention, location monitoring, and other conditions. 17cr191, Doc. No. 21. On October 19, 2017, Defendant was charged in the superseding indictment in this case, Crim. No. 17-192. Magistrate Judge Kelly adopted the conditions of release previously imposed at Crim. No. 17-191.

On January 8, 2018, the Probation and Pretrial Services office filed a Petition for Action on Conditions of Pretrial Release. Doc. No. 119. The Petition alleged, and Probation Officers

---

[1] The first part of Defendant's Motion at Doc. No. 133 requested a continuance of the trial in this matter and was granted by Text Order on April 6, 2018. Doc. No. 136.

Verne Howard and Patrick Sumansky credibly testified at the hearing, that the Probation Office received a "tamper alert" regarding Defendant's electronic monitoring bracelet - - and that this was the second time that Defendant's bracelet needed to be replaced because of broken pieces.

The Petition also alleged that probation officers reviewed Defendant's GPS monitoring maps for the previous few days and found that Defendant had not been in any of the locations for which he had been approved to leave his home detention. Instead, Defendant had spent parts of each day at his auto garage - - a location he had been specifically told to avoid. Defendant was reminded that his auto garage was a prohibited location at a January 5, 2018 meeting at the Probation Office, but GPS monitoring shows that he returned to the auto garage, again, after his meeting before going to his home.

At the hearing, Defendant testified that he had assumed that he had "windows" of time during which he was permitted to be out of his house, and that it did not matter where he went during those times. The Probation Officers credibly testified that they had reviewed the conditions of Defendant's home detention and location monitoring with him, and that he understood he needed to only travel to approved locations during approved times. In any event, Defendant was specifically told to not go to the location of his auto garage, but he spent considerable time there.

Now, Defendant argues that he was told he could resume business activities at his auto garage after the Probation Office verified that it was "legitimately his place of business[,]" but that the Probation Office never completed the inspection despite requests by Defendant. Doc. No. 132. Notably, although he testified at the hearing, Defendant did not offer this argument then. Defendant now also argues that his continued detention is interfering with his ability to

prepare for trial, and that his house has been foreclosed, his business equipment stolen, and he received notice of eviction from the auto garage business location. Doc. No. 132.

The Court found that Defendant offered inconsistent and non-credible testimony concerning his location and his understanding of the conditions of his pretrial release. Defendant now offers another inconsistent statement regarding his reasons for being outside of the approved locations and at his auto garage which was a location prohibited by the Probation Office. Defendant's repeated violations of the conditions of pretrial release and his lack of candor suggest that no combination of conditions will assure that he will appear at trial and not commit further crimes. Further, the trial date in this matter has been continued at Defendant's request, providing additional time for Defendant and his Counsel to prepare for trial despite his continued detention. Therefore, Defendant's Motion for Reconsideration of Detention Order, doc. no. 132, is DENIED.

Turning to Defendant's Motion for Release of Property, the subject of the motion is several vehicles owned by Defendant. Doc. No. 133. The Government's response indicates that the FBI has determined that it will release the titles to the vehicles, and therefore Defendant's Motion for Release of Property is DENIED AS MOOT, assuming that the original titles to the vehicles have been returned to Defendant (or to his counsel) as indicated in the Government's Response. Doc. No. 138.

SO ORDERED, this 11th day of April, 2018,

/Arthur J. Schwab\_\_\_\_\_
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record